GEORGE ZELLERS, PETITIONER, v. CITY COUNCIL OF THE CITY OF BRIDGETON, NEW JERSEY, DEFENDANT.

Submitted May term, 1924—Decided October 7, 1924.

**Jitneys—Writ to Compel Municipality to Issue License Denied— Public Duty Sought to be Enforced Must be Clear and Specific.**

Before Justices KALISCH, BLACK and CAMPBELL.

For the petitioner, *Rex A. Donnelly* and *Wescott & Weaver.*

For the defendant, *Walter H. Bacon.*

PER CURIAM.

The petitioner in this case obtained a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue commanding the city council of the city of Bridgeton to issue to the petitioner a license to operate auto buses or jitneys over the route set forth in his written application made for such license. Voluminous testimony was taken under the rule. It is sufficient to say that the granting and issuing of licenses for such purpose are not purely ministerial acts. To warrant the issuing of the writ in any case, the right of the petitioner to it must be clear and the public

duty sought to be enforced must be clear and specific. The writ is never granted in a doubtful case. *Uszkay* v. *Dill,* 92 *N. J. L.* 329; *Constam* v. *Darby, 95 Id.* 318. It seems unnecessary to point out that the writ allowed in a former case by this court, Nos. 241 and 242, June term, 1922, is not in point. There the licenses were granted subject to the approval of the New Jersey state highway commission. No such approval was either required or obtained. The license having been withheld on that specific ground. The writ was allowed. No such state of facts appears by the record in the present case.

The writ is denied and the rule to show cause is discharged.